ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ON THE WHEELS, LLC H/N/C TAÍNO MOTORS<br><br>Patrono - Recurrente<br><br>v.<br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br><br>Recurrido<br><br>JUAN C. SOSA FERREIRA<br><br>Reclamante - Recurrido | TA2026RA00163 | *Revisión Administrativa,* procedente del Departamento del Trabajo y Recursos Humanos<br><br>Apel. Núm.: SJ-02068-25<br><br>Sobre: Elegibilidad a beneficio de compensación por desempleo, Sec. 4 (b) (3) de la Ley de Seguridad de Empleo de Puerto Rico |

Panel integrado por su presidenta, la Jueza Romero García[1], el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de mayo de 2026.

Comparece On The Wheels, LLC, h/n/c Taíno Motors ("OTW" o "Recurrente"), mediante *Recurso de Revisión* y nos solicita que revisemos una *Decisión del Secretario del Trabajo y Recursos Humanos* emitida el 27 de enero de 2026. En virtud de la aludida determinación, el Secretario del Departamento del Trabajo y Recursos Humanos ("DTRH") denegó un recurso de apelación instado por OTW, en calidad de patrono, mediante el cual impugnó una Resolución dictada por un Árbitro de la División de Apelaciones. Mediante dicha Resolución, se declaró al reclamante, Juan C. Sosa Ferreira ("señor Sosa Ferreira") elegible para recibir el beneficio de compensación por desempleo, conforme a lo dispuesto en la Sección 4 (b)(3) de la Ley Núm. 74 de 21 de junio de 1956, según enmendada, conocida como la *Ley de Seguridad de Empleo de Puerto Rico,* 29 LPRA sec. 704 ("Ley de Seguridad de Empleo").

Por los fundamentos que proceden, se *desestima* el recurso de revisión administrativa, por falta de jurisdicción.

---

[1] Mediante la Orden Administrativa, OATA-2026-045, de 5 de mayo de 2026, se designó a la Hon. Giselle Romero García, en sustitución del Hon. Felipe Rivera Colón.

**I.**

El 7 de enero de 2025, un Árbitro de la División de Seguro de Empleo del DTRH determinó que el señor Sosa Ferreira era elegible para recibir los beneficios por desempleo, debido a que no consideraba que el despido o suspensión hubiera sido causado por conducta incorrecta relacionada con su trabajo. Consecuentemente, el 8 de enero de 2025, el DRTH le envió a OTW un *Aviso al Último Patrono sobre Determinación.*

Insatisfecho, el 23 de enero de 2025, OTW presentó una apelación ante la División de Apelaciones. Expuso que el despido del reclamante obedeció a un patrón de incumplimiento con las cuotas mensuales de venta de vehículos, las cuales se le requerían como Gerente de Ventas. Ante ello, sostuvo que el despido respondió a conducta incorrecta en el empleo.

El 4 de junio de 2025, el DRTH notificó un *Aviso de Audiencia Telefónica* a celebrarse el 24 de junio de 2025. Durante la audiencia testificaron el presidente de OTW, así como el reclamante. Aquilatada la prueba testifical, el 7 de agosto de 2025, un Árbitro de la División de Apelaciones declaró al señor Sosa Ferreira elegible para recibir los beneficios de compensación por desempleo, conforme a lo dispuesto en la Sección 4 (b)(3) de la Ley de Seguridad de Empleo, *supra.* Aquilatada la prueba testifical, realizó las siguientes determinaciones de hechos:

1. La parte reclamante trabajó para el patrono-apelante desde agosto de 2024 hasta octubre de 2025.
2. La parte reclamante se desempeñó como Gerente de Ventas de Autos Nuevos.
3. La parte reclamante fue despedido el 14 de octubre de 2025.
4. El patrono-apelante despide a la parte reclamante porque no cumplía con las metas de ventas del patrono-apelante.[2]

Así, concluyó que OTW no demostró con prueba fehaciente que el reclamante incurrió en una conducta incorrecta en su lugar de trabajo. Precisó que no cumplir con las metas de ventas no constituye una conducta incorrecta. Por tanto, confirmó la determinación emitida por el 7 de enero de 2025.

Inconforme, el 21 de agosto de 2025, OTW presentó un recurso de apelación ante el Secretario. Manifestó que, durante la audiencia telefónica, el

---

[2] Apéndice del recurso, Entrada Núm. 6, pág. 1.

presidente de OTW testificó en cuanto a las responsabilidades del reclamante, así como las razones del despido. Como resultado, arguyó que el Árbitro se equivocó al determinar que el patrono no logró evidenciar que el reclamante incurrió en una conducta incorrecta en el lugar de trabajo. Alegó, además, que incidió al concluir que, no cumplir con las metas de ventas no es una conducta incorrecta.

Tras varias instancias procesales, el 26 de enero de 2026, notificada el día siguiente, el DTRH dictaminó una *Decisión del Secretario del Trabajo y Recursos Humanos* en virtud de la cual confirmó la determinación de elegibilidad emitida el 7 de enero de 2025. El 13 de febrero de 2026, OTW instó una solicitud de reconsideración, la cual fue denegada el 11 de marzo de 2026 mediante una *Decisión del Secretario del Trabajo y Recursos Humanos en Reconsideración.*

Por consiguiente, el 9 de abril de 2026, OTW acudió ante esta Curia mediante un *Recurso de Revisión* en el cual le imputó al DTRH la comisión de los siguientes errores:

> **ERRÓ EL DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS AL CONCLUIR QUE EL RECLAMENTE NO INCURRIÓ EN CONDUCTA INCORRECTA QUE LE TORNA INELEGIBLE PARA RECIBIR LA COMPENSACIÓN POR DESEMPLEO QUE PROVEE LA LEY, A PESAR DE LA PRUEBA TESTIMONIAL PRESENTADA DURANTE LA VISTA, SIN SER CONTROVERTIDA, SOBRE LA NATURALEZA CRASA Y RECURRENTE DEL INCUMPLIMIENTO DEL RECLAMANTE CON LA CUOTA MÍNIMA MENSUAL DE VENTAS POR UN PERIODO DE NUEVE (9) MESES CONSECUTIVOS; SOBRE LAS CONSECUENCIAS COMERCIALES SUFRIDAS POR EL PATRONO RECURRENTE COMO RESULTADO DE DICHO INCUMPLIMIENTO; Y SOBRE LA APRECIACIÓN Y ACTITUD EVIDENCIADA POR EL PROPIO RECLAMANTE DE QUE DICHA OBLIGACIÓN CONTRACTUAL ERA, A SU ENTENDER, OPCIONAL, DADO QUE LOS GERENTES DE OTROS CONCESIONARIOS TAMPOCO CUMPLÍAN CON SUS CUOTAS VENTAS.**

> **ERRÓ EL DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS EN SU APRECIACIÓN DE LA PRUEBA VERTIDA Y NO CONTROVERTIDA DURANTE LA VISTA, AL OMITIR HECHOS PERTINENTES SOBRE EL INCUMPLIMIENTO CRASO Y RECURRENTE POR PARTE DEL RECLAMANTE CON LA CUOTA MÍNIMA MENSUAL DE VENTAS POR UN PERIODO DE NUEVE (9) MESES CONSECUTIVOS; SOBRE LAS CONSECUENCIAS COMERCIALES SUFRIDAS POR EL PATRONO RECURRENTE COMO RESULTADO DE DICHO INCUMPLIMIENTO; Y SOBRE LA APRECIACIÓN Y ACTITUD EVIDENCIADA EL PROPIO RECLAMANTE DE QUE DICHA OBLIGACIÓN CONTRACTUAL ERA, A SU ENTENDER, OPCIONAL, DADO QUE LOS GERENTES**

**DE OTROS CONCESIONARIOS TAMPOCO CUMPLÍAN CON SUS CUOTAS VENTAS.**

En igual fecha, la parte recurrente presentó una *Moción Solicitando Autorización y Orden de Reproducción de la Prueba Oral*. El 13 de abril de 2026, este Tribunal emitió una *Resolución* en virtud de le ordenamos al NSE presentar la regrabación de los procedimientos. A su vez, le otorgamos a la parte recurrida un término para presentar su alegato en oposición. En cumplimiento, el 23 de abril de 2026, el NSE remitió la regrabación de la audiencia telefónica celebrada el 24 de junio de 2025.

Por otra parte, el 12 de mayo de 2026, el NSE radicó una *Solicitud de Desestimación*. En síntesis, arguyó que el patrono no posee legitimación activa para recurrir de un remedio concedido al amparo de la Ley de Seguridad de Empleo, *supra*. Con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

**II.**

**-A-**

En reiteradas ocasiones, nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Consecuentemente, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener

jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones le confiere a este Tribunal la facultad, por iniciativa propia o a petición de parte, de desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR __ (2025).

**-B-**

La legitimación activa es una doctrina de autolimitación judicial, mediante la que se analiza si la parte compareciente es la parte adecuada para cuestionar una actuación gubernamental. *Hernández Montañez v. Parés Alicea*, 208 DPR 727 (2022). Específicamente, se ha definido a la legitimación activa como "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante". *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019); *Bhatia Gautier v. Gobernador*, 199 DPR 59, 69 (2017).

Ahora bien, la Sección 3.5 de la LPAU, 3 LPRA sec. 9645, dispone el siguiente procedimiento para solicitar intervenir en un procedimiento adjudicativo:

> Cualquier persona que tenga un interés legítimo en un procedimiento adjudicativo ante una agencia podrá someter una solicitud por escrito y debidamente fundamentada para que se le permita intervenir o participar en dicho procedimiento. La agencia podrá conceder o denegar la solicitud, a su discreción, tomando en consideración entre otros los siguientes factores:
>
> (a) Que el interés del peticionario pueda ser afectado adversamente por el procedimiento adjudicativo.
>
> (b) Que no existan otros medios en derecho para que el peticionado pueda proteger adecuadamente su interés.
>
> (c) Que el interés del peticionario ya esté representado adecuadamente por las partes en el procedimiento.
>
> (d) Que la participación del peticionario pueda ayudar razonablemente a preparar un expediente más completo del procedimiento.

(e) Que la participación del peticionario pueda extender o dilatar excesivamente el procedimiento.

(f) Que el peticionario represente o sea portavoz de otros grupos o entidades de la comunidad.

(g) Que el peticionario pueda aportar información, pericia, conocimientos especializados o asesoramiento técnico que no estaría disponible de otro modo en el procedimiento.

La agencia deberá aplicar los criterios que anteceden de manera liberal y podrá requerir que se le someta evidencia adicional para poder emitir la determinación correspondiente con respecto a la solicitud de intervención.

Por otro lado, en *Fund. Surfrider y otros v. ARPe,* 178 DPR 563 (2010), el Tribunal Supremo señaló que debe distinguirse la legitimación requerida para participar en la agencia administrativa versus la legitimación requerida para solicitar la revisión judicial. Además, añade que "[e]l hecho de haber participado en el proceso administrativo no le asegura que posea legitimación necesaria y requerida para la intervención judicial". *Fund. Surfrider y otros v. ARPe, supra,* pág. 574, citando a D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, 2da ed., Bogotá, Ed. Forum, 2001, pág. 500.

Exclusivamente, para tener legitimidad para presentar un recurso de revisión judicial se tienen que satisfacer dos requisitos: (1) ser parte y (2) estar "adversamente afectado" por la decisión administrativa. *Mun. de Aguada v. JCA,* 190 DPR 122 (2014); *Fund. Surfrider y otros v. ARPe*, 178 DPR 563, 575-576 (2010).

En cuanto al primer criterio, se ha resuelto que una "parte" es: (1) toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en la acción; (2) la persona que se le permita intervenir o participar; (3) la persona que haya radicado una petición para la revisión o cumplimiento de una orden; y (4) la persona que sea designada como parte en el procedimiento. Sección 1.3 de la LPAU, 3 LPRA sec. 9603(k); *Fund. Surfrider y otros v. ARPe, supra,* pág. 576.

De otro lado, respecto al segundo criterio que postula que debe establecerse que la parte esté adversamente afectada se resolvió que se requiere

que la afectación le sea adversa o desfavorable a sus intereses. *Fund. Surfrider y otros v. ARPe., supra,* pág. 577.

Nuestro más Alto Foro ha expresado que los criterios de la legitimación activa deben interpretarse de manera flexible y liberal para la parte promovente del pleito, cuando se trate de una acción en contra de agencias y funcionarios gubernamentales. *Ramos, Méndez v. García García, supra; Bhatia Gautier v. Gobernador, supra.*

**-C-**

La Ley de Seguridad de Empleo fue promulgada con la intención de "promover la seguridad de empleo facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio de la acumulación de reservas". Sección 1 de la Ley de Seguridad de Empleo, 29 LPRA sec. 701; *Castillo v. Dept. del Trabajo,* 152 DPR 91, 97-98 (2000). A esos fines, el estatuto creó un fondo especial, distinto y separado de todos los dineros o fondos del Estado Libre Asociado de Puerto Rico de desempleo, el cual se alimenta de contribuciones cobradas a los patronos, conforme a las disposiciones establecidas en dicha Ley. Sección 10 de le Ley de Seguridad en el Empleo, 29 LPRA sec. 710.

Los beneficios por desempleo serán pagados a aquellos trabajadores que sean elegibles. Sección 3 (a) de la Ley de Seguridad de Empleo, 29 LPRA sec. 703. No obstante, la Sección 4 (b) de la Ley, *supra,* establece ciertas razones por las cuales una persona puede ser descualificada de recibir los beneficios de desempleo.

Emitida una determinación, cualquier parte con derecho ser notificada puede presentar una apelación ante un árbitro. Sección 6 (b) de la Ley de Seguridad de Empleo, 29 LPRA sec. 706. Si alguna de las partes permanece inconforme con la determinación dictada por el árbitro, puede presentar una apelación ante el Secretario. *Íd.*

Sobre quiénes constituyen una parte en el proceso de apelación, el estatuto estipula que "[l]as partes en una apelación contra una determinación

incluirán a **todas aquellas personas <u>con derecho a recibir notificación de la determinación</u>** y al Director". Sección 6 (b) de la *Ley de Seguridad de Empleo*, *supra*. Por otra parte, en cuanto a las partes en el proceso de revisión judicial dispone que "[s]erán partes en los procedimientos de revisión judicial el Secretario y **todas las partes <u>que hayan intervenido</u>** en los procedimientos anteriores". Sección 6 (i)(2) de la *Ley de Seguridad de Empleo*, *supra*.

A su vez, la Sección 6 (j) de la *Ley de Seguridad de Empleo*, *supra*, dispone que **"[n]inguna determinación o decisión final con respecto a derechos de beneficios estará sujeta a ser atacada colateralmente por una unidad de empleo independientemente de que haya habido o no una notificación"**. Cónsono con lo anterior, en *Acevedo v. Western Digital Caribe*, 140 DPR 452, 467 (1996), el Tribunal Supremo resolvió que, **a pesar de que el patrono tiene derecho a ser notificado de las determinaciones relacionadas a sus exempleados, ello no lo convierte en una parte del proceso ante la agencia**. A esos efectos, aclaró que la comparecencia del patrono en el proceso administrativo no es en forma contenciosa o adversativa, sino en calidad de testigo en cumplimiento con una citación del NSE. *Íd.*

### III.

Sabido es que las controversias de índole jurisdiccional deben ser atendidas con primacía. Cuestionada nuestra facultad revisora por la NSE debemos auscultar si esta Curia posee jurisdicción para atender recurso ante nuestra consideración. Adelantamos que el patrono no tiene legitimación para instar el presente recurso de revisión judicial. Según hemos reseñado, para tener legitimación activa para presentar un recurso de revisión judicial, es necesario ser parte en los procedimientos y haber sido adversamente afectado por la determinación de la cual se recurre.

El Tribunal Supremo ha resuelto que la participación del patrono en el procedimiento administrativo es en calidad de testigo, en cumplimiento con una citación del NSE, y no como parte. *Acevedo v. Western Digital Caribe*, *supra*, pág. 467. Asimismo, la *Ley de Seguridad de Empleo*, *supra*, distingue entre las partes en el proceso de apelación y las partes en el proceso de revisión judicial. En el

proceso de apelación, las partes serán el Director y todas aquellas partes con derecho a ser notificadas de la determinación. Sección 6 (b) de la Ley de Seguridad de Empleo, *supra.* Mientras tanto, durante el proceso de revisión judicial, únicamente serán partes el Secretario y todas aquellas personas que hayan intervenido en el proceso ante la agencia. Sección 6 (i)(2) de la Ley de Seguridad de Empleo, *supra.*

En el recurso que nos ocupa, el patrono no solicitó intervenir formalmente en los procedimientos. Reiteramos que su participación respondió a la invitación de la agencia para comparecer en calidad de testigo. El hecho de que el patrono, como persona con derecho a ser notificada de la determinación, pueda presentar una apelación, no le confiere automáticamente legitimación para solicitar su revisión judicial.

Por otra parte, el patrono tampoco puede ser considerado como una parte adversamente afectada por el resultado del procedimiento. Nuestro Máximo Foro ha advertido que "el patrono no está expuesto a pérdida económica alguna ante una determinación de dicho Negociado, debido a que los beneficios por desempleo provienen del fondo de reserva y no de los recursos del patrono". *Acevedo v. Western Digital Caribe, supra*, págs. 467-468.

Ante ello, somos del criterio que el patrono no es parte en el proceso y no fue adversamente afectado. Como resultado, no podemos reconocerle el derecho a solicitar la revisión de la determinación de elegibilidad emitida por el NSE.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso de revisión judicial, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones